**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

OTONIEL SOSA TEOBA, individually and
on behalf of others similarly
situated, FRANCISCO NOEL FERNANDEZ,
JESUS CAMORA VICTORIA, LUIS ALBERTO
GOMEZ DELGADO, JUAN LUIS GOMEZ,
ALEJANDRO TIBURCIO MALDONADO,                          ORDER
ALEJANDRO RODERIGUEZ RASCON, GABRID                    10-CV-6132
MORALES CONTRETAS, FERNANDO FERNANDEZ
HERNANDEZ, LUIS GABRIEL HERNAND CRUZ,
RAFAEL OLMOS SANCHEZ, BERTIN MORALES
and CARLOS MUNUZ,

                    Plaintiff(s),
             v.

TRUGREEN LANDCARE, L.L.C.,

                    Defendant(s).

─────────────────────────────────────

     On February 15, 2011, Judge Siragusa denied the defendant's

motion to dismiss the complaint.  (Docket #49).  Before the Court

now are plaintiffs' Motion to Approve Notice to Class and Method of

Distribution (Docket #51) and plaintiffs' Motion to File an Amended

Complaint (Docket #62).  On August 11, 2011, a hearing was held and

arguments were heard from both sides.  After review of the motion

papers and consideration of the arguments therein as well as the

arguments of counsel made during the hearing, it is hereby

     **ORDERED** that plaintiffs' Motion to File a Second Amended

Complaint (Docket #62) is **granted**.  While defendant presses

arguments against the factual and legal merits of adding a

prevailing wage claim to the Complaint, those arguments are not

well suited for the limited review this Court engages when

evaluating an Amended Complaint.

As to defendant's first argument, while the scope of federal preemption in actions alleging violations of the FLSA may still be developing, plaintiffs should be given the opportunity to plead a contractual prevailing wage claim.   For purposes of amending the Complaint, I find that the prevailing wage claim set forth in the proposed Amended Complaint may assert a theory of recovery that is separate and independent from the obligations imposed by the FLSA and, if successful, would provide for relief different than available under the FLSA. The plaintiffs allege that their prevailing wage claim is based on a contractual obligation that is independent of the obligations required by the FLSA and indeed would entitle them to recovery of wages significantly higher than the FLSA minimum wage.  See Barrus v. Dick's Sporting Goods, Inc., 732 F. Supp. 2d 243, 255 (W.D.N.Y. 2010)("[I]t is clear that the FLSA would preempt only state laws that mandated lower minimum wages or longer maximum workweeks.")(quoting DeKeyser v. Thyssenkrupp Waupaca, Inc., 589 F. Supp. 2d 1026, 1031 (E.D. Wis. 2008).   The contractual promise breached here is based on an allegedly express agreement to pay a particular prevailing wage and is not an FLSA claim "in disguise."  See De Leon-Granados v. Eller & Sons Trees, Inc., 497 F.3d 1214, 1219 (11th Cir. 2007)(distinguishing a prevailing wage claim from an FLSA claim).

Second, defendant's argument that plaintiffs' breach of contract claim is deficient because whatever promises were made by

defendant to pay prevailing wages were made to the government and not to the plaintiffs unfairly limits the claims asserted in the Amended Complaint.   Plaintiffs assert, *inter alia*, that the defendant explicitly promised in the employment contracts to pay plaintiffs the prevailing wage.   Whether the employment contract can be construed to support this allegation is best left for a dispositive motion.

 Finally, defendant's claim that the Supreme Court's recent decision in <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. ----, 131 S. Ct. 2541 (2011) somehow precludes plaintiffs from seeking to amend their Complaint to add a breach of contract claim is misplaced, at least at this juncture.   As noted by Judge Siragusa in denying defendant's motion to dismiss, this case involves a uniform policy and practice of the defendant to not reimburse plaintiffs for recruitment, visa or transportation expenses.   Whatever the "commonality" contours of <u>Wal-Mart Stores, Inc. v. Dukes</u>, it strikes this Court as inappropriate to deny plaintiffs the right to even plead class status when challenging what appears to be a uniform reimbursement policy implicating issues of fact common to all putative plaintiffs. Whether class certification is ultimately appropriate is for another day.

 And it is further **ORDERED** that plaintiffs' Motion to Approve Notice to Class and Method of Distribution (Docket #51) is **granted subject to the Court's review of both the proposed notice and the**

3

**method of distribution.**  As the Court explained during the motion hearing, the Notice approved for distribution in <u>Rivera v. Brickman Grp., Ltd.</u>, No. 05-1518, 2008 WL 81570 (E.D. Pa. Jan. 7, 2008) will be the template for the Notice and method of distribution in this case.  Accordingly, counsel are directed to confer and agree on a similar Notice and distribution procedure in this matter.  To the extent disputes remain, counsel shall notify the Court of the specific dispute and the Court will resolve it.

**SO ORDERED.**

_____
        JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated: August 11, 2011
       Rochester, New York