IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

OTONIEL SOSA TEOBA , individually
and on behalf of others similarly situated,

    Plaintiffs                                      C.A. No. 6:10-cv-06132-CJS

v.

                                                      CLASS ACTION

TRUGREEN LANDCARE, LLC, and
THE SERVICEMASTER COMPANY,

    Defendants.

_____/

PLAINTIFF'S THIRD AMENDED COMPLAINT

PRELIMINARY STATEMENT

1.    This is an action for unpaid Federal and State minimum wages and overtime and breach of contract damages brought by Plaintiff on behalf of himself and other similarly situated foreign workers who were employed by Defendants pursuant to the federal H-2B visa program. Plaintiff alleges that the wage violations at issue arose out of a policy and practice of Defendants applicable to all of the H-2B workers employed by Defendants. Plaintiff seeks money damages to redress these violations of law.

JURISDICTION

2.    This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce).

3.    This Court has supplemental jurisdiction over the claims arising under New York and

New Hampshire statutes pursuant to 28 U.S.C. § 1367, because those claims are so related to the federal claims that they form part of the same case or controversy. This Court has federal question and supplemental jurisdiction Plaintiff's breach of contract claim because that claim arises out of a federal contract and is so related to the other federal claims that they form part of the same case or controversy.

## VENUE

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.  Plaintiff OTONIEL SOSA TEOBA is a citizen of Mexico who, at all times relevant herein, were lawfully admitted to the United States to work for Defendant using a temporary work visa issued pursuant to 8 U.S.C. § 1101(a) (15)(H)(ii)(b) (hereafter "H-2B" visa) .

6.  Defendant TRUGREEN LANDCARE LLC (hereafter "TruGreen") is a corporation organized under the laws of Delaware doing business in the Western District of New York. At all relevant times, it operated as a subsidiary of Defendant THE SERVICEMASTER COMPANY.

7.  Defendant THE SERVICEMASTER COMPANY is a corporation organized under the laws of Delaware doing business in the Western District of New York. At all relevant times Defendant THE SERVICEMASTER COMPANY was the parent of a group of companies referred to by Defendant as the "TruGreen Companies" including Defendant TruGreen Landcare LLC.

## COLLECTIVE ACTION / CLASS ACTION ALLEGATIONS

8.  Plaintiff seeks to bring his Fair Labor Standards Act claim as a representative action on behalf of "all H-2B workers employed by Defendant TruGreen at any time during the years 2007, 2008 and 2009." These H-2B workers are all similarly situated with respect to the pay practice

challenged in this suit – i.e. Defendants' practice of not reimbursing the visa, processing, and transportation costs incurred by Plaintiff and other H-2B workers in coming to work for Defendants and in returning to their home countries. Plaintiff alleges that this practice results in violations of the FLSA during the first and last weeks of work because the costs involve act as *de facto* deductions from workers' wages causing those wages to fall below the amount required by the FLSA. Plaintiffs consent to sue form is attached to Plaintiff's Original Complaint.

9.  Plaintiff brings his breach of contract claims as a Rule 23(b)(3) class on behalf of "all H-2B workers employed by Defendant TruGreen." (Members of this class whose claims are barred by the applicable statute(s) of limitation are not included). This class is so numerous that joinder of all members is impracticable. There are questions of law and fact common to the class including whether the requirement of federal law that Defendants pay at least the applicable prevailing wage to its H-2B workers and/or the promises made by Defendants to its H-2B workers that they would pay at least that wage preclude Defendants from reducing H-2B workers' wages below the applicable prevailing wage by shifting Defendants' business expenses for the processing, visas, and transportation of H-2B workers to its H-2B workers to pay in the first instance. The claims of the named Plaintiff are typical of the claims of the class in that the named Plaintiff worked under H-2B contracts promising the prevailing wage and incurred the same visa, processing, and transportation costs as the class members; and the named Plaintiff will fairly and adequately protect the interests of the class.

10. Plaintiff brings his New York State Payment of Wages and Minimum Wage Act claims on behalf of a Rule 23(b)(3) class defined as "all H-2B workers employed by Defendant TruGreen in New York State." Plaintiff brings his New Hampshire Minimum Wage Act claims on behalf of a

Rule 23(b)(3) class defined as "all H-2B workers employed by Defendant TruGreen in New Hampshire." These classes are so numerous that joinder of all members is impracticable. There are questions of law and fact common to the classes, including whether New York and New Hampshire law prohibits an employer from imposing the costs associated with Defendants' foreign recruitment program on its H-2B workers where those costs have the effect of bringing workers' wages below the wages required by State law. The claims of the named Plaintiff are typical of the claims of the class in that the named Plaintiff incurred the same visa, processing, and transportation costs as the class members; and the named Plaintiff will fairly and adequately protect the interests of the class.

11. Certification of the above classes pursuant to Rule 23(b)(3) is appropriate because the questions of law and fact common to the classes predominate over any questions affecting only individual members of the classes. A class action is superior to other available methods for the fair and efficient adjudication of the controversy in that none of the individual members of the classes have an interest in controlling the prosecution of separate actions; no other litigation has been commenced by the members of the class; it is desirable and more efficient to concentrate the litigation of these claims in one forum; and, no difficulties are likely to be encountered in the management of the class action.

## FACTS

12. At all times relevant herein, Defendants were enterprises engaged in commerce as that term is defined in 29 U.S.C. §§ 203(r) and (s).

13. In each year from at least 2000 through 2009 Defendant TruGreen petitioned the U.S. government for permission to import temporary foreign workers through the "H-2B" visa program. Defendant sought these visas so that it could hire foreign laborers, including Plaintiff, to perform

landscaping services at Defendant's work locations throughout the country, including in New York State.

14. Pursuant to the federal requirements for obtaining H-2B visas, Defendant promised the government in all of its H-2B applications that it would pay its H-2B workers at least the prevailing wage set by DOL for the job and locale where the workers would be employed.

15. In reliance upon the promises made in Defendant TruGreen's H-2B visa petitions, the U.S. government granted Defendant H-2B visas.

16. Each year from at least 2000-2009, Defendant TruGreen recruited and hired foreign workers to accept its H-2B visas and work for Defendants.

17. As part of the recruitment and hiring process, Defendants offered its H-2B workers employment contracts containing, either explicitly or by operation of law, the requirement of federal law that TruGreen pay at least the prevailing wage set by DOL for the job and locale where the H-2B workers would be employed.

18. Plaintiff Otoniel Sosa Teoba and Defendant TruGreen's other H-2B workers were recruited and employed by Defendants as an H-2B worker pursuant to contracts like that described in paragraph 16.

19. Defendant The ServiceMaster Company acted as a joint employer of each of the H-2B workers employed by TruGreen Landcare LLC. It was responsible for setting the policies that governed the wages and working conditions of the H-2B employees hired by TruGreen either solely or jointly with TruGreen.

20. Plaintiff Sosa Teoba was employed in Defendants' Rochester, New York location in 2006 and 2007

21. Plaintiff Otoniel Sosa Teoba was recruited by Defendants in 2008 and was employed by Defendant as an H-2B worker in Defendant's Nashua, New Hampshire location in 2008.

22. From at least 2000 through 2009, Defendants had a policy and practice of requiring H-2B workers, including Plaintiff, to pay for the recruitment, processing, visa and transportation costs associated with entering the United States and traveling from their homes to Defendant's work sites in the United States.

23. Plaintiff and other H-2B workers hired by Defendants also incurred transportation costs returning from Defendant's work sites in the United States to their homes abroad.

24. The recruitment, processing, visa and transportation costs described in paragraphs 22 and 23 arose as a result of Defendants' business decision to go abroad to recruit foreign workers to fill its job openings in the United States. Those costs were for the primary or exclusive benefit of Defendants.

25. Defendants did not reimburse Plaintiff or other H-2B workers for the costs listed in paragraph 22 and 23 above.

26. The visa, processing, recruitment and transportation costs described in paragraph 22 operated as *de facto* involuntary deductions from, and/or kickbacks of, the first week's wages of Plaintiff and other H-2B workers. The return transportation charges described in paragraph 23 constituted deductions from, and or kickbacks of, the last week's wages of Plaintiff and other H-2B workers.

27. The above described *de facto* deductions and/or kickbacks caused the first and last week's wages of Plaintiff and other H-2B workers to fall below the minimum level mandated by the Fair Labor Standards Act, New York and New Hampshire law, and the minimum prevailing wage

level mandated by federal law and incorporated in the contracts of Defendant's H-2B workers.

28. Defendants' actions in failing to pay minimum wages as required by law were willful.

29. Defendant TruGreen Landcare LLC was sold in the Spring of 2011 and as a term of the sale Defendant The ServiceMaster Company has retained liability for all actions of TruGreen described herein.

First Cause of Action

30. The above described actions of Defendants violated the rights of Plaintiff and other H-2B workers under the Fair Labor Standards Act for which they are entitled to relief pursuant to 29 U.S.C. §216(b).

Second Cause of Action

31. The above-described actions of Defendants violated the rights of Plaintiff and other H-2B workers employed by Defendants in New York State under the Chapter 31, Articles 6 and 19 of the Consolidated Laws of the State of New York for which Plaintiff are entitled to relief pursuant to Chp. 31. Article 6 §198 and Article 19 §663.

Third Cause of Action

32. The above-described actions of Defendants violated the rights of Plaintiff and other H-2B workers employed by Defendants in New Hampshire under the New Hampshire Statutes Title XXIII § 279:21 for which they are entitled to relief pursuant to New Hampshire Statutes Title XXIII §279:29.

Fourth Cause of Action

33. The above-described actions of Defendants breached the contracts of Plaintiff and other H-2B workers employed by Defendants for which they are entitled to relief pursuant to the common

law of contracts.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Allow Plaintiff to pursue his FLSA claims as a collective action and authorize Plaintiff to issue notice of the right to opt-into this action to all similarly situated H-2B workers;

b. Certify Plaintiff's New York State claims as a Rule 23(b)(3) class action on behalf of H-2B workers employed by Defendants in New York;

c. Certify Plaintiff's New Hampshire State claims as a Rule 23(b)(3) class action on behalf of H-2B workers employed by Defendants in New Hampshire;

d. Certify Plaintiff's breach of contract claim as a Rule 23(b)(3) class action on behalf of all H-2B workers employed by Defendants.

e. Award Plaintiff and the collective action and class members their unpaid minimum wages, regular wages and overtime as well as an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b);

f. Award Plaintiff and other H-2B workers compensatory and liquidated damages for Defendant's violations of New York and New Hampshire law;

g. Award Plaintiffs and other H-2B workers compensatory damages for Defendants' breach of contract.

h. Award Plaintiff his costs and reasonable attorneys fees;

i. Award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

s/ Edward Tuddenham

        */s/s/s Dan Getman* _____
Dan Getman (DG4613)
Carol Richman
Tara Bernstein
Getman & Sweeney, PLLC
9 Paradies Lane
New Paltz, NY 12561
phone: (845)255-9370
fax: (845) 255-8649
Email: dgetman@getmansweeney.com

Edward Tuddenham
228 W. 137th St.
New York, New York 10030
Telephone: 212-234-5953
Fax: 512-532-7780
Email: etudden@prismnet.com


ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2012, I electronically filed the foregoing document with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants:

    Brett C. Bartlett    bbartlett@seyfarth.com
    Robert S. Whitman    rwhitman@seyfarth.com
    Leon R. Sequeira    lsequeira@seyfarth.com
    Dan Getman    dgetman@getmansweeney.com


        s/ Edward Tuddenham
        _____
        Edward Tuddenham