UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

OTONIEL SOSA TEOBA, individually and on
behalf of others similarly situated,

                              Plaintiff          DECISION AND ORDER

-vs-

                                         10-CV-6132 CJS (JWF)

TRUGREEN LANDCARE LLC, et al.,

                              Defendants

_____

APPEARANCES

For Plaintiff:                       Dan Getman, Esq.
                                    Getman & Sweeney, PLLC
                                    9 Paradies Lane
                                    New Paltz, New York 12561

                                    Edward Tuddenham, Esq.
                                    1339 Kalmia Road, NW
                                    Washington, D.C. 20012

For Defendants:                Brett C. Bartlett, Esq.
                                    Seyfarth Shaw LLP
                                    1075 Peachtree Street, NE
                                    Suite 2500
                                    Atlanta, Georgia 30309

                                    Douglas B. Lipsky, Esq.
                                    Seyfarth Shaw LLP
                                    620 Eighth Avenue
                                    New York, New York 10018-1405

INTRODUCTION

In this action Plaintiff is asserting claims for, *inter alia*, unpaid wages pursuant to the

Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the minimum

wage laws of the States of New York and New Hampshire. Now before the Court is Defendant TruGreen's motion (Docket No. [#80]) to dismiss the fourth cause of action in the Second Amended Complaint [#76] for breach of contract, pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6), 12(b)(1) and 12(f), as well as 28 U.S.C. § 1367(c). The application is denied.

## BACKGROUND

Defendant TruGreen Landcare ("Defendant" or "TruGreen") is a provider of lawn and landscape services in the United States. Plaintiff, and the class members, are individuals who reside outside of the United States, who worked for Defendant in the U.S., pursuant to the federal H-2B visa[1] program, during the years 2007, 2008, and 2009.

Between 2004 and 2009, Defendant obtained permission from the U.S. Government to hire temporary foreign workers pursuant to the H-2B visa program. Defendant recruited the class members for temporary employment through the H-2B visa program using a third-party recruiter. The class members paid their own expenses, including the cost of traveling from their home countries to the U.S., the cost of obtaining an H-2B visa, and recruiting fees. Defendant did not reimburse the class members for the recruitment, visa, or transportation expenses.

In this action, Plaintiff alleges that Defendant's failure to reimburse these expenses violated the FLSA and the laws of New York and New Hampshire, because the expenses

---

[1] "[T]the H-2B visa program of the Immigration and Nationality Act (INA) allows employers to hire foreign workers to meet a temporary need for nonprofessional, nonagricultural skills." U.S. Dept. of Labor, Employment Standards Administation, Field Assistance Bulletin 2009-2.

were primarily for Defendant's benefit, and because such expenses in effect caused Plaintiff's wages to fall below the minimum wage standards established by law.

Plaintiff also contends that Defendant's failure to reimburse those expenses constituted a breach of contract. With regard to the breach of contract claim, the Second Amended Complaint [#76] states, in pertinent part:

> 13. Pursuant to the federal requirements for obtaining H-2B visas, <u>Defendant promised the government in all of its H-2B applications that it would pay its H-2B workers at least the prevailing wage set by DOL for the job and locale where the workers would be employed.</u>
>
> 14. In reliance upon the promises made in Defendant's H-2B visa petitions, the U.S. government granted Defendant H-2B visas.
>
> 15. Each year from at least 2000 through 2009, Defendant recruited and hired foreign workers to accept its H-2B visas and work for Defendant.
>
> 16. As part of the recruitment and hiring process, <u>Defendant offered its H-2B workers employment contracts containing, either explicitly or by operation of law, the requirement of federal law that Defendant pay at least the prevailing wage set by [the U.S. Department of Labor] DOL for the job and locale where the H-2B workers would be employed.</u>
>
> \*\*\*
>
> 20. From at least 2000 through 2009, Defendant had a policy and practice of requiring H-2B workers, including Plaintiff, to pay for the recruitment, processing, visa and transportation costs associated with entering the United States and traveling from their homes to Defendant's work sites in the United States.
>
> 21. Plaintiff and other H-2B workers hired by Defendant also incurred transportation costs returning from Defendant's work sites in the United States to their homes abroad.
>
> \*\*\*
>
> 23. Defendant did not reimburse Plaintiff or other H-2B workers for the costs listed in paragraph 20 and 21 above.

24. The visa, processing, recruitment and transportation costs described in paragraph 20 operated as de facto involuntary deductions from, and/or kickbacks of, the first week's wages of Plaintiff and other H-2B workers. The return transportation charges described in paragraph 21 constituted deductions from, and or kickbacks of, the last week's wages of Plaintiff and other H-2B workers.

25. <u>The above described de facto deductions and/or kickbacks caused the first and last week's wages of Plaintiff and other H-2B workers to fall below the minimum level mandated by the Fair Labor Standards Act, New York and New Hampshire law, and the minimum prevailing wage level mandated by federal law and incorporated in the contracts of Defendant's H-2B workers.</u>

\*\*\*

30. <u>The above-described actions of Defendant breached the contracts of Plaintiff and other H-2B workers employed by Defendant for which they are entitled to relief pursuant to the common law of contracts.</u>

Second Amended Complaint [#76].

Defendant filed the subject motion [#80] to dismiss the breach of contract claim, pursuant to "Federal Rules of Civil Procedure 12(b)(6), 12(b)(1), and 12(f) [and] 28 U.S.C. 1367(c)."[2] Defendant's motion essentially has three components. First, Defendant contends that the fourth cause of action fails to state a claim for breach of contract, since it "does not allege that a valid contract existed between TruGreen and the H-2B workers," "fails to competently identify the provision of the purported contract upon which the claim is based," and "does not allege that the H-2B workers performed their obligations under the alleged contracts." Def. Memo of Law [#81] at p. 1. Second, Defendant contends that the cause of action, which is pleaded as a class action, should be dismissed since "Plaintiff cannot satisfy

---

[2]*See*, Notice of Motion [#80] (Requesting "[a]n Order dismissing the Fourth Cause of Action alleged in Plaintiff's Second Amended Complaint in its entirety with prejudice, or in the alternative, striking, dismissing, or denying certification for the breach of contract class, or declining to exercise supplemental jurisdiction over the Fourth Cause of Action, judgment entered in favor of Defendant, and such other and further relief as the Court may deem just and proper.")

the requirements of Fed.R.Civ.P. 23." *Id*.  And third, Defendant argues that the Court should decline to exercise supplemental jurisdiction over the breach of contract claims, and dismiss them pursuant to 28 U.S.C. § 1367(c), since the claim "would require the interpretation and application of the common law of every state in which TruGreen employed H-2B workers during the periods set forth [in the Complaint]." *Id*.

Plaintiff filed a response [#88] to the motion to dismiss, and Defendant filed a reply [#97].  On March 1, 2012, Plaintiff filed a Third Amended Complaint [#127], which added Servicemaster as a defendant, but which did not otherwise change the Second Amended Complaint.

### DISCUSSION

At the outset, Plaintiff argues that the Court should not consider Defendant's motion, since Defendant already unsuccessfully opposed Plaintiff's motion to amend the Complaint to add the breach of contract claim, on many of the same grounds being raised here, and then failed to file objections to the Magistrate Judge's decision granting the motion to amend.  The Court agrees.

In that regard, it is well-settled that courts must freely give leave to amend pleadings "when justice so requires." FRCP 15(a)(2).  Nevertheless, a court "has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir.2009) (internal quotation marks omitted).  "A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Martin v. Dickson*, No. 03-7917, 100 Fed.Appx. 14, 16, 2004 WL 1205185 at *2 (2d Cir. Jun. 2, 2004) (unpublished).

In this action, Defendant opposed Plaintiff's motion to file a Second Amended Complaint by arguing that the proposed amendment would be futile. *See*, Def. Memo of Law [#65]. Specifically, when the motion to amend was pending before the Honorable Jonathan W. Feldman, United States Magistrate Judge, Defendant argued that the contract claim was preempted by the FLSA, and failed to state a claim, using many of the same arguments that it is raising now. Defendant also argued to Magistrate Judge Feldman that he should deny the motion to amend, because the proposed contract claim "would create a Rule 23 class that could not be certified." *Id*. at p. 10. Magistrate Judge Feldman, though, rejected Defendant's arguments and stated, in pertinent part:

> While defendant presses arguments against the factual and legal merits of adding a prevailing wage [contract] claim to the Complaint, those arguments are not well suited for the limited review this Court engages when evaluating an Amended Complaint.
>
> As to defendant's first argument, while the scope of federal preemption in actions alleging violations of the FLSA may still be developing, plaintiffs should be given the opportunity to plead a contractual prevailing wage claim. For purposes of amending the Complaint, I find that the prevailing wage claim set forth in the proposed Amended Complaint may assert a theory of recovery that is separate and independent from the obligations imposed by the FLSA and, if successful, would provide for relief different than available under the FLSA. The plaintiffs allege that their prevailing wage claim is based on a contractual obligation that is independent of the obligations required by the FLSA and indeed would entitle them to recovery of wages significantly higher than the FLSA minimum wage. *See Barrus v. Dick's Sporting Goods, Inc.*, 732 F. Supp. 2d 243, 255 (W.D.N.Y. 2010)("[I]t is clear that the FLSA would preempt only state laws that mandated lower minimum wages or longer maximum workweeks.")(*quoting DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 589 F. Supp. 2d 1026, 1031 (E.D. Wis. 2008). The contractual promise breached here is based on an allegedly express agreement to pay a particular prevailing wage and is not an FLSA claim "in disguise." *See De Leon-Granados v. Eller & Sons*

*Trees, Inc.*, 497 F.3d 1214, 1219 (11 Cir. th 2007)(distinguishing a prevailing wage claim from an FLSA claim).

Second, defendant's argument that plaintiffs' breach of contract claim is deficient because whatever promises were made by defendant to pay prevailing wages were made to the government and not to the plaintiffs unfairly limits the claims asserted in the Amended Complaint. Plaintiffs assert, *inter alia*, that the defendant explicitly promised in the employment contracts to pay plaintiffs the prevailing wage. Whether the employment contract can be construed to support this allegation is best left for a dispositive motion.

Finally, defendant's claim that the Supreme Court's recent decision in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. ----, 131 S.Ct. 2541 (2011) somehow precludes plaintiffs from seeking to amend their Complaint to add a breach of contract claim is misplaced, at least at this juncture. As noted by Judge Siragusa in denying defendant's motion to dismiss, this case involves a uniform policy and practice of the defendant to not reimburse plaintiffs for recruitment, visa or transportation expenses. Whatever the "commonality" contours of *Wal-Mart Stores, Inc. v. Dukes*, it strikes this Court as inappropriate to deny plaintiffs the right to even plead class status when challenging what appears to be a uniform reimbursement policy implicating issues of fact common to all putative plaintiffs. Whether class certification is ultimately appropriate is for another day.

Order [#73]. The foregoing discussion illustrates that Defendant already raised arguments against the Fourth Cause of Action that are similar in many respects, if not identical, to the arguments that are now before the Court, and that Magistrate Judge Feldman rejected those arguments.

On that point, the Court observes that when Magistrate Judge Feldman indicated that Defendant's arguments were "best left for a dispositive motion," he was obviously referring to a summary judgment motion, not another motion to dismiss. The latter interpretation,

which Defendant advances,[3] would make no sense, since any court considering a subsequent motion to dismiss would have to apply the exact same standards that Magistrate Judge Feldman had already applied in evaluating Defendant's arguments regarding futility. See, *Martin v. Dickson*, 2004 WL 1205185 at *2 ("A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)"). Similarly, when Magistrate Judge Feldman indicated that, "[w]hether class certification is ultimately appropriate is for another day," he was referring to the day when the Court would consider Plaintiff's motion for class certification. He obviously was not referring to a day when Defendant would file a successive motion to dismiss that was largely duplicative of the motion that was before him, since he could not have reasonably foreseen that Defendant would file such a motion.[4]

Accordingly, although there are some slight differences between them, Defendant's present arguments are quite similar to the ones that Magistrate Feldman already considered and rejected. To the extent that Defendant did not make some of the arguments that are now before the Court to Judge Feldman, it nevertheless had the opportunity to do so.[5] Furthermore, Defendant did not file objections to Magistrate Judge Feldman's order. *See*,

---

[3]See, Def. Reply Memo [#97] at pp. 1-2.

[4]In any event, the Court agrees that Defendant's arguments concerning Rule 23 should await Plaintiff's motion for certification.

[5]For example, it does not appear that Defendant specifically made an argument to Judge Feldman concerning 28 U.S.C. § 1367. However, the Court views the § 1367 argument as merely being a sub-part of Defendant's argument regarding the appropriateness of certification of the contract claim as a class action, which Defendant did raise before Judge Feldman. *See*, Def. Memo of Law Opposing Motion to Amend [#65] at p. 10 (Arguing that common questions do not predominate over individualized inquiries where "the proposed class includes claims under different state laws, requiring a determination as to how each law was interpreted and violated.") (citation omitted). Moreover, although Defendant mentions Rule 12(b)(1) in passing on the first page of its memo of law [#81], it has now shown that this Court lacks jurisdiction.

FRCP 72(a) ("A party may not assign as error a defect in the order not timely objected to."); *see also, Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002) ("[F]ailure to object to a magistrate judge's decision or recommendation generally forfeits the right to present those objections for appellate review."). Therefore, Magistrate Judge Feldman's ruling, that the Fourth Cause of Action would survive a motion to dismiss, is law of the case. In that regard, "[a]s a general matter, this Court will adhere to its own decision at an earlier stage of the litigation." *U.S. v. Plugh*, 648 F.3d 118, 123 (2d Cir. 2011) (citations and internal quotation marks omitted). The law of the case doctrine is "subject to limited exceptions made for 'compelling' reasons," such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*. However, none of those factors are present here.

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss [#80] is denied. The following motions are also denied as moot: Defendant's motion for an expedited hearing [#86] and Plaintiff's motion to file a response [#130]. The Clerk of the Court is directed to terminate those motions.

SO ORDERED.

Dated:    April 10, 2013
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge